**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

MARGARET ELIZABETH KINNEY

        Debtor

Case No. 3:20-bk-30540-SHB
Chapter 7

F. SCOTT MILLIGAN, TRUSTEE

        Plaintiff

        v.

Adv. Proc. No. 3:20-ap-3032-SHB

SARAH E. VALDES

        Defendant

**<u>MEMORANDUM ON MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

**APPEARANCES**:    F. SCOTT MILLIGAN, ESQ.
                        P.O. Box 12266
                        Knoxville, Tennessee 37912
                        Attorney for Plaintiff

                        SARAH E. VALDES
                        2444 Allegheny Loop Road
                        Maryville, Tennessee 37803
                        Pro Se Defendant

**SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE**

The Chapter 7 Trustee ("Plaintiff") initiated this adversary proceeding on June 30, 2020, asserting claims under 11 U.S.C. §§ 544, 549, and 550 and seeking to set aside a quit claim deed from Debtor and her husband to their daughter, Defendant Sarah Valdes, which deed was recorded postpetition on April 17, 2020. [Doc. 1 ("Adversary Complaint") at ¶¶ 8-9.]  Plaintiff immediately filed a Motion for Partial Summary Judgment with supporting documents ("Motion") [Docs. 5-7], seeking a judgment as a matter of law that the postpetition transfer is voidable by Plaintiff under 11 U.S.C. §§ 544(a)(1) – (3); 549(a)(1), -(2)(B); and 550(a)(1).  The Motion is now ripe after numerous responses and replies as follows:

- Defendant's Statement in Opposition to Trustee's Motion for Partial Summary Judgment ("Statement in Opposition") [Doc. 9], in which Defendant responds to Plaintiff's Statement of Undisputed Material Facts;

- Defendant's Statement of Undisputed Material Facts ("Defendant's Response") [Doc. 10] (which are legal arguments, not statements of fact "supported by specific citation to material allowed by Fed. R. Civ. P. 56(c)" (E.D. Tenn. LBR 7056-1(a), -(c)));

- Defendant's Answer to Trustees [*sic*] Adversary Complaint ("Answer") [Doc. 8], in which Defendant states she had not received service of a summons, references her responses to Plaintiff's Motion, and supplements those responses concerning Plaintiff's allegation of fraud in the creation of the quit claim deed at issue;

- Plaintiff's Reply to Defendant's Response to Motion for Partial Summary Judgment [Doc. 11];

- Plaintiff's Response to Defendant's Statement of Undisputed Material Facts [Doc. 12];

- Defendant's Revised Statement in Opposition to Trustee's Motion for Partial Summary Judgment ("Defendant's Revised Statement") [Doc. 15], in which Defendant withdraws her prior answers because Plaintiff "failed to furnish a certified copy of the instant motion and is now improperly asking the court to apply local RULE 7056-1 and deem [her] proposed answers admitted" and contends that "because the instant motion was not properly filed with the court before service upon the defendant – it should be dismissed";

- Defendants [*sic*] Amended Answer to Trustees [*sic*] Adversary Complaint ("Amended Answer") [Doc. 17];[1] and

---

[1] The Court takes note of Defendant's express consent to this Court's entry of final orders or judgment in this, her most recent filing in this proceeding. [Doc. 17 at ¶ 7.]  In any event, 28 U.S.C. §§ 157 and 1334, as well as the general

- Amended Filing of Late-Filed Exhibit [Doc. 16], containing excerpts from Defendant's Rule 2004 testimony on July 30, 2020.[2]

Because no genuine issue of material fact exists concerning Plaintiff's claims under §§ 544(a)(1)-(3), 549, and 550, the Court will grant partial summary judgment to Plaintiff.

## UNDISPUTED FACTS

The following undisputed facts are established by Plaintiff's Statement of Undisputed Facts [Doc. 6], which are deemed admitted pursuant to E.D. Tenn. LBR 7056-1(b) by Defendant's Statement in Opposition [Doc. 9].

The debtor, Margaret Elizabeth Kinney, filed a pro se Chapter 7 case on February 24, 2020, and F. Scott Milligan was appointed Chapter 7 Trustee and currently serves in that capacity. When Debtor filed her bankruptcy case, she indicated in Schedule A/B that she owned real property at 2442 Allegheny Loop Road, Maryville, Tennessee, 37803[3] (the "Property"). Debtor valued the Property at $50,000.00 and described the nature of her ownership in the Property as a tenancy by the entireties. At the request of Plaintiff, Debtor provided a copy of a quit claim deed to support her contention that she owned an interest in the Property with her husband, William F. Kinney, as tenants by the entireties.

On April 7, 2020, Debtor advised Plaintiff that Debtor was mistaken about her ownership interest in the Property and that she had transferred her interest in the Property to Defendant. On or about April 16, 2020, Debtor amended her Schedule A/B to indicate that she did not own the

---

order of reference entered in this district, provide jurisdiction for the Court to hear and decide this adversary proceeding. *See* 28 U.S.C. § 157(b)(2)(H) and (O).

[2] This document amended Docket No. 13, which was filed on August 20, 2020, without a cover sheet as required by E.D. Tenn. LBR 9004-2(b).

[3] The Property addresses of 2442 and 2444 Allegheny Loop Road, Maryville, Tennessee, 37803, refer to the same tract of property that is the subject of the transfer at issue. [Docs. 6 at ¶9; 9 at ¶ 3.i.]

Property.  After April 17, 2020, Debtor provided Plaintiff with a copy of a Quit Claim Deed dated March 19, 2016, conveying the Property from William F. & Margaret E. Kinney to Defendant (the "Quit Claim Deed").  The Quit Claim Deed was recorded with the Blount County Register of Deeds on April 17, 2020.[4]

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, which is applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" utilizing the procedures defined in subparts (c)(1) through (c)(4).  When deciding a summary judgment motion, the Court does not weigh the evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

As movant, Plaintiff bears the burden of proving, based on the Court record, that there is no genuine dispute concerning any material fact and that he is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001).  "A genuine issue of material fact exists when 'there is sufficient evidence favoring the nonmoving party for a [fact-finder] to return a verdict for that party.'" *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (quoting *Anderson*, 477 U.S. at 249).

---

[4] Although immaterial to the Motion, Defendant's unsworn Statement in Opposition asserts that Defendant recorded the Quit Claim Deed. [Doc. 9 at ¶ 3.h.]

Once the initial burden of proof is met, the burden shifts to the nonmoving party to prove that there is a genuine dispute of material fact for trial, but reliance solely on allegations or denials contained in the pleadings is insufficient because a "mere scintilla of evidence in support of the nonmoving party will not be sufficient." *Nye v. CSX Transp., Inc.*, 437 F.3d 556, 563 (6th Cir. 2006); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[Any] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). The Court must view the facts and all resulting inferences in a light most favorable to the respondent and decide whether "the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 243. Summary judgment is appropriate only if the fact-finder could not find for the non-moving party based on "the record taken as a whole." *Matsushita*, 475 U.S. at 587.

The Court acknowledges that Defendant is proceeding pro se and that pleadings filed by pro se litigants are to be "construed more liberally than pleadings drafted by lawyers." *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir.1992). Nonetheless, "[w]hile pro se litigants are afforded this less stringent standard, 'pro se [parties] are not automatically entitled to take every case to trial . . . , [and] the lenient treatment generally accorded to pro se litigants has limits.'" *Vogt v. Hastings* (*In re Hastings*), No. 13-34506, 2015 WL 1598055, at *3 (Bankr. N.D. Ohio Apr. 6, 2015) (quoting *Pilgrim v. Littlefield*, 92. F.3d 413, 416 (6th Cir.1996)). That is, "[t]hose who proceed without counsel must still comply with the procedural rules that govern civil

cases." *Id.* (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989) ("Neither this court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits."). As evidenced below, the Court has construed Defendant's various filings liberally and has considered all arguments raised in Defendant's filings, including filings not directly responsive to the Motion.

## CONCLUSIONS OF LAW

Plaintiff's request for partial summary judgment relies on his claim under 11 U.S.C. § 544(a) that Debtor's attempt to convey her interest in the Property to Defendant by virtue of a Quit Claim Deed that indisputably was recorded postpetition is null and void as to Plaintiff, who stands in the role of a hypothetical lien creditor and/or bona fide purchaser without notice of Debtor's transfer by the March 2016 execution of the Quit Claim Deed to Defendant. Plaintiff also asserts that the postpetition recording of the Quit Claim Deed was an improper postpetition transfer under 11 U.S.C. § 549(a)(1) and (2)(B) so that he may avoid the transfer under Section 550(a)(1). The Court will take each of these arguments in turn after addressing Defendant's procedural arguments.

### A. Defendant's Procedural Arguments

Defendant's Statement in Opposition avers that because the copy of the motion she received "was not stamped by the court as 'filed,'" she "[did] not know if the copy [she] received was a draft copy or an authentic final copy." [Doc. 9 at ¶ 1.] She further asserts, "In closing, the instant motion was not properly filed with the court before service and should be dismissed." [*Id.* at, p. 2.] In her Revised Statement in Opposition, Defendant reiterates the argument, stating that she had "previously notified [Plaintiff] that the copy of the instant motion [she] received was not stamped by the court as 'filed'"; that Plaintiff "failed to furnish a certified copy of the instant

motion and [wa]s . . . improperly asking the court to apply local RULE 7056-1 and deem [her] proposed answers admitted"; and that "because the instant motion was not properly filed with the court before service upon the defendant – it should be dismissed." [Doc. 15.]

Defendant cites to no rule or authority of any sort, and her argument is not supported by any federal or bankruptcy rule. As to the timing of Plaintiff's filing of the Motion, Rule 56(b) permits a party to file a summary judgment motion "at any time until 30 days after the close of all discovery" unless a local rule provides, or the Court orders, otherwise (which is not the case here). Fed. R. Civ. P. 56(b). The Court finds no defect in the timing of Plaintiff's Motion.

Nor does the Court find any defect in service of the Adversary Complaint or the Motion and related filings. Indeed, Plaintiff asked Defendant at her Rule 2004 examination if she "receive[d] a copy of the [A]dversary [C]omplaint and the summons in the mail," and she responded, "Yes, I did." [Doc. 16 at p. 31.] Defendant also acknowledged in her sworn testimony that she received the Motion and related documents. [*Id.*] Although various Tennessee state courts might require service of file-stamped copies of pleadings, neither the Federal Rules of Bankruptcy Procedure nor this Court's Local Rules require parties to serve documents that are "stamped filed," and in fact, the Local Rules require electronic filing of documents for registered users (*see* E.D. Tenn. LBR 5005-4).

The Court, thus, finds that Defendant's procedural arguments are meritless.

**B. Section 544(a) Claims**

The filing of Debtor's bankruptcy petition created an "estate" consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Plaintiff, as the Chapter 7 Trustee, became the representative of the bankruptcy estate under 11 U.S.C. § 323(a), which imbued him with the authority to "collect and reduce to money

the property of the estate . . . and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1).  A trustee's rights in property under § 541(a)(1), as a successor to the debtor, generally are no greater than the rights of the debtor on the petition date. *See In re Klinger*, No. 18-33456, 2020 WL 1671555, at *3 (Bankr. N.D. Ohio Apr. 1, 2020) (citing *Demczyk v. Mutual Life Ins. Co. of NY (In re Graham Square, Inc.)*, 126 F.3d 823, 831 (6th Cir. 1997)).  But, because § 541(a)(3) and (a)(4) bring into the bankruptcy estate property that the debtor does not own but that the trustee can recover for the benefit of creditors under one or more of his special avoidance powers, such as 11 U.S.C. § 544, the so-called "strong-arm" powers, property of the bankruptcy estate is not limited to the debtor's rights on the petition date. *See* 11 U.S.C. § 541(a).

    Section 544(a) provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> > (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists [or];
> >
> > (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists[.]

11 U.S.C. § 544(a)(1), -(2).  These strong-arm powers were explained recently by the Sixth Circuit Court of Appeals:

> Bankruptcy trustees, in exercising their avoidance powers, may succeed to the rights of judicial lien creditors, execution creditors, and bona fide purchasers. . . . The trustee acting as a judicial lien creditor is deemed to have perfected his interest as of the date of the filing of the bankruptcy. *Palmer v. Washington Mut.*

*Bank (In re Ritchie)*, 416 B.R. 638, 643 (B.A.P. 6th Cir. 2009). One of the powers of the trustee acting as a judicial lien creditor "is the ability to take priority over or 'avoid' security interests that are unperfected under applicable state law." *Rogan v. Litton Loan Serv., L.P. (In re Collins)*, 456 B.R. 284, 293 (B.A.P. 6th Cir. 2011); *Rogan v. Bank One, N.A. (In re Cook)*, 457 F.3d 561, 564 (6th Cir. 2006).

*Harker v. PNC Mortg. Co. (In re Oakes)*, 917 F.3d 523, 528-29 (6th Cir. 2019).

> "Simply stated, the bankruptcy [t]rustee is in the same position, with respect to real estate, as if he were a bona fide purchaser . . . who bought the property from the debtor on the filing date and simultaneously perfected the transfer by recording a deed." *In re Reasonover*, 236 B.R. 219, 227 (Bankr. E.D. Va.1999), subsequently remanded by 238 F.3d 414 (4th Cir. 2000). Similarly, the [t]rustee steps into the shoes of a hypothetical judgment lien creditor who recorded a judgment lien on the date of the bankruptcy filing. Even though federal law vests the Chapter 7 [t]rustee with the rights and powers of a such a judicial lien creditor, applicable state law determines what rights and powers exist. *Waldschmidt v. Dennis (In re Muller)*, 185 B.R. 552 (Bankr. M.D. Tenn.1995).

*Waldschmidt v. Bank of Am. N.A. (In re Wheeler)*, No. 12-02452, 2012 WL 5306001, at *3 (Bankr. M.D. Tenn. Oct. 26, 2012).

Here, Tennessee statutes supply the applicable law governing priorities in real property. Specifically, Tennessee Code Annotated section 66-26-101[5] provides:

> All of the instruments mentioned in § 66-24-101 shall have effect between the parties to the same, and their heirs and representatives, without registration; but as to other persons, not having actual notice of them, only from the noting thereof for registration on the books of the register, unless otherwise expressly provided.

Further, section 66-26-103 makes null and void "[a]ny instruments not so registered, or noted for registration, . . . as to existing or subsequent creditors of, or bona fide purchasers from, the makers without notice." Tenn. Code Ann. § 66-26-103.

Thus, the Court finds as a matter of law that because the Quit Claim Deed was not recorded as of the petition date, the Property became property of the estate subject to Plaintiff's strong-arm avoidance powers under § 544(a)(3). It matters not that Debtor executed the Quit

---

[5] Plaintiff's citation to section 66-2-101 in the Adversary Complaint and in his Motion is incorrect.

Claim Deed in 2016.[6] Under similar circumstances in a recently decided case – in which the debtor's father held an unrecorded deed for real property owned of record by the debtor – another bankruptcy court explained the legal result in clear terms:

> Under § 544(a)(3), a trustee steps into the shoes of a bona fide purchaser of the real property who has perfected the transfer at the time the bankruptcy case is filed. 11 U.S.C. § 544(a)(3). In order words, "the trustee hypothetically purchases the debtor's property at the commencement of the bankruptcy case, then determines whether [the property] is subject to any valid prior interests." *In re Biggs*, 377 F.3d 515, 517 (6th Cir. 2004); *see also Geygan v. World Savs. Bank, FSB (In re Nolan)*, 383 B.R. 391, 397 (B.A.P. 6th Cir. 2008) ("The legal fiction created by [§ 544(a)] assumes a transfer from the debtor to a bona fide purchaser on the date of filing. The trustee is then clothed with whatever legal rights the bona fide purchaser would possess." (internal quotation marks omitted)). The rights a bona fide purchaser would possess are determined with reference to state law . . . .

*In re Horn*, 606 B.R. 747, 750 (Bankr. S.D. Ohio 2019). Continuing with the legal conclusion that applies here, the court stated, "As of the Petition Date, [Defendant] was merely the holder of an unrecorded deed. As between . . . Debtor[] and [Defendant], [Defendant] was the proper owner of the Property. . . . But because that deed was unrecorded as of the [p]etition [d]ate, as between [Defendant] and [Plaintiff], [Plaintiff] as a hypothetical bona fide purchaser prevails." *Id.* (citations omitted).

**C.  Section 549 Claim**

Defendant's postpetition act of recording the Quit Claim Deed does not strip Plaintiff of his rights to the Property. Indeed, § 549(a) provides:

> (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—
>
> (1) that occurs after the commencement of the case; and
>
> (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court.

---

[6] For purposes of this Motion, the Court accepts as a fact that the Quit Claim Deed was executed in 2016.

Section 549(a) clearly applies here because the recordation of the Quit Claim Deed on April 17, 2020, was a transfer[7] after commencement of the case and was not authorized by the Bankruptcy Code or the Court.

Defendant argues that she is a bona fide purchaser for value under 11 U.S.C. § 549(c). [Doc. 10 at ¶ 5.] Section 549(c) precludes a trustee from avoiding under subsection (a) "a transfer of an interest in real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value" except under certain circumstances not applicable here. Defendant, however, fails to provide any evidence of any purchase or exchange of value at any time for the Property.[8] Even if Defendant had presented evidence that she gave value in 2016 when the Quit Claim Deed was signed, such would not be "present" value as required under § 549(c).

### D. Defendant's Miscellaneous Arguments

Defendant's Amended Answer raises legal argument instead of admitting or denying the factual allegations of the Adversary Complaint. Notwithstanding that the Amended Answer does not directly respond to the Motion, the Court will address Defendant's arguments contained therein that pertain to Plaintiff's claims on which the Motion is based. Defendant's arguments in the Amended Answer focus on Anderson Lumber Company's ("Anderson") claim against the

---

[7] The Code defines "transfer" as "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or an interest in property." 11 U.S.C. § 101(54).

[8] In fact, the Quit Claim Deed reflects that no consideration was paid. [Doc. 12-1 at 6.] Defendant also testified that neither at the time the Quit Claim Deed was executed nor since has she paid any money for the Property. [Doc. 16 at 5.] In addition, notwithstanding the assertion in Defendant's Response that "[she is] a good faith purchaser without knowledge of the commencement of the case" [Doc. 10 at ¶ 5], Debtor advised Plaintiff on April 6, 2020, that she had informed Defendant of the bankruptcy on the evening of April 6, meaning that Defendant possessed actual knowledge of the pending bankruptcy when she recorded the Quit Claim Deed. [Doc. 12-1 at 9.]

bankruptcy estate[9] [Doc. 17 at ¶ 1] and Anderson's knowledge of Defendant's interest in the Property well in advance of her parents' execution of the Quit Claim Deed in favor of Defendant, supposedly in March 2016 [*Id.* at ¶¶ 2-4]. As explained above, however, Plaintiff's rights as a hypothetical judgment lien creditor or bona fide purchaser for value derive from the Bankruptcy Code and Tennessee law, not from Anderson's rights.

Defendant's Amended Answer also raises her parents' Request to Take Judicial Notice ("Request") filed in their adversary proceeding against Anderson and other defendants before this Court.[10] [*Id.* at ¶ 5.] Even if the Court were to take judicial notice as requested by Debtor and Mr. Kinney in the other proceeding, such would not apply in this case without a formal request or at least admissible evidence offered by Defendant in this proceeding that would support such facts in opposition to Plaintiff's Motion. Moreover, the matters raised in the Request are irrelevant to Plaintiff's Motion. Defendant also argues against Plaintiff's factual allegation that the Quit Claim Deed might have been fabricated. [*Id.* at ¶ 6.] The Motion, however, does not rely on any such allegation.

  **E.  Section 550 Recovery by Plaintiff**

With the avoidance of Defendant's rights in the Property under §§ 544(a) and 549(a), Plaintiff may recover the Property for the benefit of the estate under § 550, which provides: "Except as otherwise provided in this section, to the extent that a transfer is avoided under § 544

---

[9] No such claim exists, nor is Anderson required to file a claim until the Chapter 7 Trustee issues a notice of assets with a claims bar date. *See* Chapter 7 Case Doc. No. 2-1 at ¶ 10; Fed. R. Bankr. P. 3002(c)(5). Instead, Debtor inappropriately filed a proof of claim on behalf of Anderson [Claim No. 1-1] (*see* Fed. R. Bankr. P. 3004), presumably so that she could object to it in the hope that this Court would disallow the claim so that Anderson would be precluded from asserting a claim in the case.

[10] *Margaret Elizabeth Kinney and William Kinney v. Anderson Lumber Co., Inc.; Blue Tarp Financial, Inc.; and Kizer & Black, Attorneys, PLLC*, Adv. Proc. No. 3:20-ap-3028-SHB.

. . . [or] 549 . . . , the trustee may recover for the benefit of the estate, the property transferred . . . ."

## CONCLUSION

For the reasons explained herein, Plaintiff has met his burden of proving that there is no genuine dispute of material fact and he is entitled to judgment as a matter of law against Defendant that, pursuant to 11 U.S.C. §§ 544(a), Plaintiff's position as bona fide purchaser takes priority over Defendant's interests through the unrecorded Quit Claim Deed such that the purported transfer of the Property pursuant to the Quit Claim Deed will be avoided and recovered for the benefit of Debtor's bankruptcy estate under 11 U.S.C. § 550. An Order consistent with this Memorandum will be entered.

FILED: October 1, 2020

BY THE COURT

*s/ Suzanne H. Bauknight*

SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE