# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

MARGARET ELIZABETH KINNEY

Case No. 3:20-bk-30540-SHB
Chapter 7

Debtor

F. SCOTT MILLIGAN, TRUSTEE

Plaintiff

v.

Adv. Proc. No. 3:20-ap-3032-SHB

SARAH E. VALDES

Defendant

## MEMORANDUM ON MOTIONS FOR SUMMARY JUDGMENT

**APPEARANCES**:    F. SCOTT MILLIGAN, ESQ.
    P.O. Box 12266
    Knoxville, Tennessee 37912
    Attorney for Plaintiff

    SARAH E. VALDES
    2444 Allegheny Loop Road
    Maryville, Tennessee 37803
    Pro Se Defendant

**SUZANNE H. BAUKNIGHT**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court are the following dispositive motions with filings in support: (1) Plaintiff's Second Motion for Summary Judgment ("Second Motion for Summary Judgment") [Docs. 54, 55, 56] and Defendant's Cross Motion for Summary Judgment ("Cross Motion") (which is included in Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment [Doc. 66]) ("Response and Cross Motion") [Docs. 66, 67, 68, 69]. Defendant's responses to the Second Motion for Summary Judgment are contained in the following filings: Brief in Support of Defendant's Motion to Deny Plaintiff's Amended Complaint and to Dismiss Plaintiff's Original Complaint for Failure to State a Claim ("Defendant's Brief in Support of Doc. 64"),[1] the Response and Cross Motion, and Defendants' [sic] Response to Plaintiffs' [sic] Statement of Undisputed Material Facts in Support of Motion for Summary Judgment ("Defendant's Response to Plaintiff's Statement") [Docs. 65, 66, 67.] Plaintiff responded to Defendant's Cross Motion and replied in support of the Second Motion for Summary Judgment in documents entitled Plaintiff's Response to Defendant's Statement of Undisputed Material Facts ("Plaintiff's Response to Defendant's Statement") and Plaintiff's Reply to Defendant's Response to Second Motion for Summary Judgment and Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's Reply and Response"). [Docs. 78, 79.] This matter is fully ripe for adjudication.

## I. PROCEDURAL POSTURE

This adversary proceeding is related not only to the Chapter 7 bankruptcy case of Margaret E. Kinney, Case No. 3:20-bk-30540-SHB ("Bankruptcy Case"), but also to the adversary proceeding brought by Debtor and William Kinney (who are Defendant's parents)

---

[1] The Court denied Defendant's Amended Motion to Deny Plaintiff's Amended Complaint and to Dismiss Plaintiff's Original Complaint for Failure to State a Claim [Doc. 65] by the Memorandum and Order entered January 14, 2021. [Doc. 74.] As the Court indicated there, the arguments contained in Defendant's Brief in Support of Doc. 64 will be considered in this decision on Plaintiff's Second Motion for Summary Judgment. [Doc. 74 at p. 3 n.2.]

against Anderson Lumber Company, Inc. ("Anderson"), Blue Tarp Financial, Inc. ("Blue Tarp"), and Kizer & Black, Attorneys, PLLC ("K&B"), Adv. Proc. No. 3:20-ap-3028 ("AP 3028"), and to the adversary proceeding brought by Debtor and Mr. Kinney against F. Scott Milligan, who is the Chapter 7 Trustee in the underlying Bankruptcy Case and Plaintiff herein, Adv. Proc. No. 3:20-ap-3056 ("AP 3056"). On January 13 and 15, 2021, respectively, the Court dismissed both AP 3028 and AP 3056 with prejudice, and such decisions are now final, the time for appeal having expired under Federal Rule of Bankruptcy Procedure 8002(a)(1).[2] [Order, AP 3028, ECF No. 131; Memorandum and Order Dismissing Adversary Complaint ("Mem. & Order in AP 3056"), AP 3056, ECF No. 10.]

In this case, on October 22, 2020,[3] the Court entered a judgment in favor of Plaintiff on his claim to recover Debtor's partial interest in real property located at 2444 (also known as 2442) Allegheny Loop Road, Maryville, Blount County, Tennessee 37803 (Parcel ID 124-73.03) (the "Property") for the benefit of the bankruptcy estate. [Doc. 30.] Debtor's partial interest in the Property (along with the partial interest of Mr. Kinney) had been conveyed to Defendant by a Quit Claim Deed dated March 19, 2016, but because the Quit Claim Deed was not recorded prepetition, Plaintiff was granted summary judgment under 11 U.S.C. § 544(a). [Docs. 20, 30, 57.] Also, the Court granted summary judgment on Plaintiff's claim under 11 U.S.C. § 549 to set aside Defendant's postpetition transfer of the Property by recordation of the Quit Claim Deed on April 17, 2020. [*Id.*] The Court ruled as a matter of law that the avoided transfer of the

---

[2] The Court excepted from the dismissal with prejudice Debtor's claim against Anderson and K&B for violation of the automatic stay. [Order at ¶ 4, AP 3028, Doc. 131.]

[3] Because the Judgment contained a typographical error (namely, reference to 11 U.S.C. § 554(a) instead of 11 U.S.C. § 544(a)), the Court entered an Amended Judgment on December 18, 2020. [Doc. 57.]

interest in the Property was recovered solely for the benefit of the bankruptcy estate to be administered by Plaintiff under 11 U.S.C. § 550(a)(1). [*Id.*]

With leave of Court, Plaintiff amended the Complaint on December 11, 2020 ("Amended Complaint") [Docs. 42, 44.] The Amended Complaint asks the Court for authorization under 11 U.S.C. § 363(h) to sell the Property, now co-owned by the bankruptcy estate and Defendant. Plaintiff includes in the Amended Complaint his agreement with Anderson, which Plaintiff asserts holds a valid and perfected judgment lien, for Plaintiff to sell the Property with proceeds to be set aside for costs and administrative expenses of the bankruptcy estate and for a distribution to unsecured creditors.[4]

The Court denied numerous motions of Defendant that sought to set aside the Court's authorization for Plaintiff to amend the Complaint and the granting of summary judgment to Plaintiff on his claims under 11 U.S.C. §§ 544, 549, and 550. [Docs. 32, 41, 48, 49, 50, 51, 60, 62, 64, 74.] As a result, Defendant's response to the Amended Complaint is the Cross Motion. [Doc. 66.]

This Memorandum Opinion, thus, will address Plaintiff's Second Motion for Summary Judgment and Defendant's Cross Motion. As set forth below, because the Court finds that the undisputed facts establish that Plaintiff is entitled to sell the Property free and clear of Defendant's interest pursuant to 11 U.S.C. § 363(h), the Court will grant Plaintiff's Second Motion for Summary Judgment and deny Defendant's Cross Motion.

---

[4] The claims bar date is March 22, 2021 [Bankruptcy Case, ECF No. 170.] Claims filed to date total $2,204.46 [Bankruptcy Case Claim Nos. 2-3, 3-1], and claims scheduled (excluding disputed claims) total $30,372.31 [Bankruptcy Case, ECF No. 25].

## II. BACKGROUND

The lengthy litigation history between Debtor and Mr. Kinney, on the one hand, and Anderson, Blue Tarp, and K&B, on the other, provides the necessary backdrop to the instant suit because Defendant raises in this case the same arguments that her parents raised in AP 3028 and AP 3056. Accordingly, the Court incorporates herein (for purposes of background only) the section of its Memorandum Opinion on Defendants' Motions to Dismiss ("Mem. Op. in AP 3028") entitled Litigation History Between the Parties. [Mem. Op. in AP 3028 at pp. 5-11, ECF No. 130.]

The Court also reiterates the Undisputed Facts set out in the Memorandum on Motion for Partial Summary Judgment entered October 1, 2020 [Doc. 20 at pp. 3-4 (footnote omitted)]:

> The debtor, Margaret Elizabeth Kinney, filed a pro se Chapter 7 case on February 24, 2020, and F. Scott Milligan was appointed Chapter 7 Trustee and currently serves in that capacity. When Debtor filed her bankruptcy case, she indicated in Schedule A/B that she owned real property at 2442 Allegheny Loop Road, Maryville, Tennessee, 37803[5] (the "Property"). Debtor valued the Property at $50,000.00 and described the nature of her ownership in the Property as a tenancy by the entireties. At the request of Plaintiff, Debtor provided a copy of a quit claim deed to support her contention that she owned an interest in the Property with her husband, William F. Kinney, as tenants by the entireties.
>
> On April 7, 2020, Debtor advised Plaintiff that Debtor was mistaken about her ownership interest in the Property and that she had transferred her interest in the Property to Defendant. On or about April 16, 2020, Debtor amended her Schedule A/B to indicate that she did not own the Property. After April 17, 2020, Debtor provided Plaintiff with a copy of a Quit Claim Deed dated March 19, 2016, conveying the Property from William F. & Margaret E. Kinney to Defendant (the "Quit Claim Deed"). The Quit Claim Deed was recorded with the Blount County Register of Deeds on April 17, 2020.

---

[5] The Property addresses of 2442 and 2444 Allegheny Loop Road, Maryville, Tennessee, 37803, refer to the same tract of property that is the subject of the transfer at issue. [Docs. 6 at ¶ 9; 9 at ¶ 3.i.; 67 at ¶ 9.]

Anderson recorded a judgment against Debtor and Mr. Kinney on September 5, 2019, thereby creating a judgment lien on the Property. [Docs. 55 at ¶ 6; 67 at ¶ 6.][6] Anderson's judgment lien totals $175,465.59 plus post-judgment interest. [*Id.*] The tax appraisal value of the Property as of June 26, 2020, was $90,100.00, less than the amount of Anderson's judgment lien.[7] [Docs. 55 at ¶ 10; 67 at ¶ 10.] Based on Plaintiff's experience as a Chapter 7 trustee, he "cannot foresee that a third party would be interested in purchasing a one-half undivided interest as tenant in common with [Defendant] in a property where [Defendant], her children, and her parents reside." [Docs. 55 at ¶ 15; 67 at ¶ 15 (deemed an admission pursuant to E.D. Tenn. LBR 7056-1(b)).] Also, according to the undisputed record, if the Property is not sold by Plaintiff, Anderson intends to pursue judicial foreclosure under state law. [Docs. 55 at ¶ 21; 67 at ¶ 21 (deemed an admission pursuant to E.D. Tenn. LBR 7056-1(b)).] Anderson, however, has agreed to allow a portion of the proceeds from a sale of the Property by Plaintiff to be allocated for payment to unsecured creditors (i.e., $7,500.00) and to pay administrative expenses of the bankruptcy estate (the "Carve-Out Agreement"). [Docs. 55 at ¶ 18; 67 at ¶ 18 (deemed an admission pursuant to E.D. Tenn. LBR 7056-1(b)).] The Carve-Out Agreement will create a benefit for the bankruptcy estate if the Court authorizes a sale by Plaintiff pursuant to 11 U.S.C.

---

[6] Defendant denies that Anderson's counsel had reason to believe that the Property was owned by Debtor and Mr. Kinney when the lien was recorded. [Doc. 67 at ¶¶ 6A, 6B.] As explained below, because "inquiry notice" cannot impact the priority position of a judgment lien creditor, the Court need not reach the question of Anderson's or its counsels' belief about ownership of the Property. For this reason, the Court does not find material paragraphs 6A and 6B of Plaintiff's Statement of Undisputed Material Facts. [Doc. 55.] For the same reason, the Court does not find material Defendant's assertions of fact in paragraphs 7 through 15 of Defendant's Statement of Undisputed Material Facts. [Doc. 69.]

[7] Although Defendant "disputes" that the value of the Property is less than the amount of Anderson's judgment lien [Doc. 67 at ¶ 12], she provides no proof of any value to dispute the tax appraisal. Accordingly, the fact that the amount of Anderson's judgment lien exceeds the value of the Property is deemed admitted for purposes of summary judgment. *See* E.D. Tenn. LBR 7056-1(b); Fed. R. Civ. P. 56(e)(2) (applicable to this proceeding by Fed. R. Bankr. P. 7056).

§ 363(h). [Docs. 55 at ¶ 16; 67 at ¶ 16 (deemed an admission pursuant to E.D. Tenn. LBR 7056-1(b)).]

### III. THE PARTIES' POSITIONS

Plaintiff argues that 11 U.S.C. § 363(h) authorizes the sale of the Property, which is jointly owned by Defendant and the bankruptcy estate as tenants in common, because (1) a partition in kind is impracticable, (2) a sale of the estate's undivided interest would realize significantly less than a sale free and clear of Defendant's interest, (3) the benefit to the estate of a § 363(h) sale outweighs the detriment to Defendant, and (4) the Property is not used in the production, transportation, or distribution for sale of electric energy or of natural or synthetic gas for heat, light, or power.[8] [Doc. 56 at pp. 6-7.] Plaintiff argues that Anderson's judgment lien is valid such that even if physical partition of the Property was practicable, partitioning the Property would remain impracticable because the value of the Property is less than the amount of Anderson's lien. [*Id.* at pp. 7-11.] Finally, Plaintiff argues that because of Anderson's right and intent (absent a § 363(h) sale) to foreclose the judgment lien under Tennessee law, the detriment to Defendant from a § 363(h) sale is the same so that the benefit to the bankruptcy estate of a sale subject to the Carve-Out Agreement outweighs the detriment to Defendant. [*Id.* at pp. 11-12.]

Defendant's first filing in response to the Second Motion for Summary Judgment (i.e., Defendant's Brief in Support of Doc. 64) asserts without any sworn statement in support that if the Court authorizes Plaintiff to sell the Property, Defendant and her children will become homeless. [Doc. 65 at pp. 1-3.] She also argues, in conclusory fashion and without citation to any admissible evidence, that the Property could easily be partitioned into two equal parts along

---

[8] As to this last point, the Court finds the fact undisputed. [Docs. 55 at ¶ 19; 67 at ¶ 19 (deemed an admission pursuant to E.D. Tenn. LBR 7056-1(b)).]

the power company's easement. [*Id.*] Defendant then relies on an argument that Anderson and its counsel had actual or inquiry notice that Defendant resided on the Property so that recordation of the judgment was ineffective to create a lien under Tennessee law.[9] [*Id.* at pp. 3-7.] Defendant's Brief in Support of Doc. 64 also "adopt[s] . . . the response made by [Mr.] Kinney and [Debtor] to the court order filed on 12/17/20, which is DOC 3 of Adv. Proc. No. 3:20-ap-3056-SHB." [Doc. 65 at p. 8.][10]

Defendant's Brief in Support of Motion for Summary Judgment ("Defendant's Brief") merely reiterates her argument concerning inquiry notice to challenge Anderson's judgment lien with additional caselaw citations. Defendant argues that because Plaintiff has failed to acknowledge the application of the inquiry-notice law in Tennessee, he has engaged in "actual theft of [her] real property." [Doc. 68 at pp. 2-3; *see id.* at pp. 2-9.] Based on this argument, Plaintiff also reiterates her disagreement with the Court's earlier decision on Plaintiff's §§ 544, 549, and 559 claims. [Doc. 68 at *passim*.]

## IV. ANALYSIS[11]

### A.     11 U.S.C. § 363(h)

The bankruptcy code authorizes a trustee to sell the bankruptcy estate's interest with a co-owner's interest in property held prepetition by the debtor and co-owner as tenants in common,

---

[9] Defendant also asserts that "[her] property was not a part of [Debtor's] bankruptcy estate" because Plaintiff's claim is barred by the statute of limitations under the Tennessee Fraudulent Transfer Act. [Id. at pp. 7-10.] As the Court's prior decisions in this case make clear, the Judgment in this case for Plaintiff is based on Plaintiff's strong-arm powers under the bankruptcy code, not on state fraudulent transfer law. [See Docs. 20, 49.] Accordingly, the Court need not address this argument.

[10] The Court dismissed the frivolous claims of Debtor and Mr. Kinney in AP 3056 on January 15, 2021 [Mem. & Order in AP 3056, ECF No. 10.]

[11] The Court incorporates herein its statement of the standard for summary judgment from the Memorandum on Motion for Partial Summary Judgment. [Doc. 20 at pp. 4-6.]

joint tenants, or tenants by the entirety only in certain circumstances.  Specifically, § 363(h) provides:

> [T]he trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
>
>     (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
>     (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
>     (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
>     (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).  "Every requirement must be satisfied, and the Trustee carries the burden of proof with respect to all of the § 363(h) requirements." *McLemore v. Bell (In re Bell)*, No. 18-6253, 2019 WL 6464024, at *3 (6th Cir. June 18, 2019).  Here, the Court must analyze whether Plaintiff has met his burden to show that no genuine issue of material fact exists as to the requirements of § 363(h)(1) through (3).[12]

    1.    <u>Partition in Kind is Impracticable.</u>

The Court finds that the undisputed material facts establish that Plaintiff has met his burden to show that partition in kind is impracticable.  "Where property is a single family residence, there is no practicable manner of partition other than a sale and division of the proceeds."  *McLemore v. Bell* (*In re Bell)*, No. 18-6353, 2019 WL 6464024, at *3 (quoting *Bakst v. Griffin (In re Griffin)*, 123 B.R. 933, 935 (Bankr. S.D. Fla. 1991)).  Plaintiff argues that the

---

[12] [*See* Docs. 55 at ¶ 19; 67 at ¶ 19 (deemed an admission pursuant to E.D. Tenn. LBR 7056-1(b)).]

Property is a single parcel in which Plaintiff and Defendant hold an undivided interest after the Court's entry of the Judgment. Defendant, of course, argues that partition is not impracticable, asserting that Plaintiff has failed to show "precisely how the partitioning of the subject [P]roperty would be physically or geographically impossible, even though the subject [P]roperty in this case would be easily partitioned in two equal parts along the power company's easement." [Doc. 65 at p. 1] Defendant notes that Plaintiff's submission of an aerial photo of the Property does not include "lines of demarcation showing a possible division of the [P]roperty." [*Id.*]

The difference between "impracticable" and "impossible" was explained by the Ninth Circuit Bankruptcy Appellate Panel in 2005:

> Although Congress was silent as to the bounds of the concept, the choice of the word "impracticable" instead of "impossible" connotes a barrier lower than that for which [Defendant] argues. The term "impracticable" logically brings within its reach a range of situations in which it is not impossible to partition the property, but in which a sale of the co-owner's interest in the property is more than merely inconvenient.
>
> This analysis is further informed by other contexts in which the term "impracticable" equates with prejudice and expense. Under contract law, performance may be impracticable due to excessive and unreasonable difficulty, expense, or loss to a party. 30 *Williston On Contracts* § 77:1 (4th ed. 1990); 1 Witkin, *Summary Of California Law, Contracts* § 842 (10th ed. 2005). Such usages all connote the exercise of judgment by the trial court.

*Trudgeon v. Nielson (In re Gant)*, BAP No. CC-05-1240-KPAB, 2005 WL 6960196, at *5 (B.A.P. 9th Cir. Dec. 23, 2005).

The Court finds that Plaintiff has met his burden to show that partition is impracticable because the single parcel contains two residences and the total value of the Property is less than the value of Anderson's judgment lien, which attaches to both Plaintiff's and Defendant's interests under applicable law so that a partition would not protect Defendant or leave any equity for her benefit.

Defendant devotes most of her argument to challenging Anderson's judgment lien based on a theory that Anderson was on inquiry notice that Defendant had an ownership interest in the Property because she resided on the Property.[13] Tennessee law, however, is clear that "notice [whether actual or inquiry] has never impacted the priority position of judgment lien creditors." *Holiday Hosp. Franchising, Inc. v. States Res., Inc.*, 232 S.W.3d 41, 49 (Tenn. Ct. App. 2006) (citing *McCoy v. Hight*, 39 S.W.2d 271, 272 (Tenn. 1931); *Wright v. Black*, 17 S.W.2d 917, 918 (Tenn. 1929); *Wilkins v. McCorkle*, 80 S.W. 834, 835 (Tenn. 1904); *Lookout Bank v. Noe*, 5 S.W. 433, 436 (1887); *Hames v. Archer Paper Co.*, 319 S.W.2d 2152, 258 (Tenn. Ct. App. 1958)). Indeed, the bankruptcy court for the Middle District of Tennessee acknowledged that "[s]ince at least 1831, it has been the law in Tennessee that an unrecorded deed of trust or mortgage is null and void as to intervening judgment lien creditors." *Waldschmidt v. Dennis (In re Muller)*, 185 B.R. 552, 554 (Bankr. M.D. Tenn. 1995) (citing Tenn. Code Ann. § 66-26-103)). In *In re Muller*, the issue was whether the rights of a judgment lien creditor defeated the rights of an unrecorded mortgage holder, which like purchasers or transferrees, are governed by Tennessee's "pure race" system.

> The Tennessee courts have long recognized that the lien of a judgment creditor defeats the rights of an unrecorded mortgage holder. *See, e.g., McCoy v. Hight*, 39 S.W.2d 271, 272 (1931) ("Under our registration laws a deed is not effectual against creditors, . . . until placed of record."); *City Nat'l Bank v. City*, 11 S.W.2d 853, 854 (1928) (An unregistered deed is void against creditors of the vendor.); *McAllester v. Aldridge (In re Anderson)*, 30 B.R. 995, 1008 (M.D. Tenn. 1983) (same result with respect to an improperly recorded deed).

---

[13] Although the Court need not reach the question because inquiry notice does not apply to judgment lien creditors, even if Anderson was on some sort of inquiry or constructive notice that Defendant resided at the Property beginning on November 14, 2014, possessory interests differ from ownership interests, and Defendant did not have an ownership interest in the Property until execution of the Quit Claim Deed on March 19, 2016. *See, e.g., In re de Kleinman*, 172 B.R. 764, 772 (Bankr. S.D.N.Y. 1994) (holding that "'ownership' means having 'good legal title,' . . . [and the homestead exemption] does not protect a possessory interest that is not accompanied by ownership." (internal citations omitted)). The Court cannot see how information that Defendant lived at the Property in 2014 could have given any sort of notice to Anderson of her ownership, which did not occur until March 2016, at the earliest.

> Notwithstanding [the mortgage company]'s protests to the contrary, it has never been the law of Tennessee that "notice" or "knowledge" affects a levying creditor's precedence over an unrecorded instrument. *See McCoy v. Hight*, 39 S.W.2d at 272; *Hunt v. Curry*, 282 S.W. 201 (1925) ("Curry's creditors perhaps had no actual knowledge of the defectively recorded . . . trust deed, and would not have been affected by such knowledge had they possessed it."); *Lookout Bank v. Noe*, 5 S.W. 433, 436 (1887) ("[I]t [is] well settled that attaching creditors are not affected by notice of unregistered instruments.").

*In re Muller*, 185 B.R. at 554-55 (footnote omitted).

Here, Anderson became a judgment lien creditor under Tennessee law when it recorded the state-court judgment. Because Tennessee law dictates that Anderson's judgment lien has priority over the interests of both Plaintiff and Defendant, partition by Plaintiff, even if it were physically practicable, would not protect Defendant or, unless the Property is worth more than the amount of Anderson's judgment lien,[14] leave any equity in the Property for her benefit.

The Court, thus, finds that no genuine issue of material fact exists as to § 363(h)(1).

2. Sale of the Estate's Undivided Interest Would Realize Significantly Less Than a § 363(h) Sale.

First, the Court finds that the undisputed facts establish that it would be unlikely that a third party would be interested in purchasing the estate's undivided interest in the Property on which sit two houses that serve as residences for Debtor, Mr. Kinney, and Defendant and her children.

The Property's value is also a key inquiry for this second element – whether a sale of the estate's undivided interest would realize significantly less than a § 363(h) sale. The Court finds that Plaintiff has met his burden to show that the value of the Property is less than the amount of Anderson's judgment lien and that absent a § 363(h) sale, which includes the Carve-Out Agreement to ensure that administrative expenses of the bankruptcy estate are paid from sale

---

[14] The issue of the Property's value is addressed below.

proceeds and that an amount will be held for distribution to unsecured creditors, the estate would recover nothing.  Because there is no evidence to the contrary and Defendant has not countered such proof with any proof of her own, Plaintiff's reliance on the tax appraisal suffices to meet his burden of showing that the value of the Property is less than the amount of Anderson's judgment lien..  Thus, no genuine issue of material fact exists as to § 363(h)(2).

       3.      <u>The Benefit to the Estate of a 363(h) Sale Outweighs the Detriment to Defendant.</u>

Understandably, Defendant argues strenuously that "the detriment to [her] and [her] family would be devastating." [Doc. 65 at p. 2.]  As with the other three elements, Plaintiff bears the initial burden of proof as to this third element. *See Teems v. Thomas (In re Thomas)*, Adv. Proc. No. 18-00015, 2018 WL 10731606, at *9 (Bankr. W.D. Tenn. Sept. 27, 2018) (quoting *O'Connell v. Prakope (In re Prakope)*, 317 B.R. 593, 602 (Bankr. E.D.N.Y. 2004)).  Once the initial burden is met, however, the burden then shifts to Defendant. *Id.* One court described it this way:

> The application of § 323(h)(3) involves a shifting burden.  Although a trustee bears the ultimate burden of proof on this requirement, the trustee's initial burden is to show that the sale of the property free of the defendant's interest would produce a benefit to the estate: that the estate's share of the net proceeds would exceed existing liens on the debtor's interest in the property. *Gray v. Burke (In re Coletta Bros. of N. Quincy, Inc.)*, 172 B.R. 159, 165 (Bankr. D. Mass. 1994). Once the trustee demonstrates a benefit to the estate, the burden shifts to the defendant to show that the sale would produce a detriment to her that outweighs the benefit to the estate. *Id.* If the defendant shows a detriment, the burden shifts back to the trustee, who must show that the benefit outweighs the detriment. *Id.*

*Desmond v. Francis (In re Francis)*, 597 B.R. 195, 201 (Bankr. D. Mass. 2019).

Here, Plaintiff has met his initial burden of showing that a § 363(h) sale, given the Carve-Out Agreement, will result in net proceeds to benefit the bankruptcy estate.  Thus, the burden

shifts to Defendant to present some evidence that the detriment to her outweighs the benefit to the estate.

Defendant's Brief in Support of Doc. 64 contains unsworn assertions that her "real-life circumstances . . . are private in nature" but that she "cannot work and must live on a fixed income," she has "special medical needs," and she has "no savings or other financial resources that would allow [her] to relocate under similar living conditions." [Doc. 65 at pp. 1, 3.] Such statements are not contained in Defendants' Response to Plaintiffs' Statement of Undisputed Material Facts in Support of Motion for Summary Judgment [Doc. 67] or in Defendant's Statement of Undisputed Material Facts [Doc. 69]; nor has Defendant provided any sworn declaration or affidavit attesting to such facts. As a result, she has failed to meet her evidentiary burden. *See* Fed. R. Civ. P. 56(c)(1)(A) ("[Any] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"); E.D. Tenn. LBR 7056-1(a), (b), and (c).

In addition, although the Court can recognize a potential significant detriment to Defendant from a sale of the Property, because Anderson has a right under nonbankruptcy law to foreclose on the Property and because such a foreclosure would leave Defendant in the same position as a § 363(h) sale, the Court cannot find that Defendant has shown that the detriment to her of a § 363(h) sale outweighs the benefit to the estate.

In *Ford v. Duggan (In re Duggan)*, 571 B.R. 1, 12 (Bankr. D.N.H. 2017), the court was faced with similar arguments of the co-owner of estate property:

> [The co-owner] credibly testified that a sale will be significantly detrimental to him. [He] will lose his home and be forced to find alternative housing, which may prove

>difficult due to his limited financial resources. The loss of his family home will also be emotionally difficult for him. Moreover, the Court is mindful that the impact of the loss will likely be exacerbated by [the co-owner]'s existing health conditions. Nevertheless, the Court finds that there are other factors that must be considered in evaluating the detriment to [the co-owner].

Adopting the same reasoning here, "based on the record before the Court, because a loss of the Property appears inevitable regardless of the Trustee's desired sale," *id.*, this Court finds that no genuine issue of material fact exists as to § 363(h)(3).

### B. Request for Appointment under Rule 70 To Execute the Deed After Sale

Plaintiff also asks the Court, pursuant to Federal Rule of Civil Procedure 70, made applicable here by Federal Rule of Bankruptcy Procedure 7070, to authorize him to execute the deed to convey the Property after sale. [Doc. 56 at p. 12[15].] Rule 70 provides:

>If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done — at the disobedient party's expense – by another person appointed by the court. When done, the act has the same effect as if done by the party.

Plaintiff anticipates that Defendant will not cooperate, a reasonable expectation given Defendant's conduct in this case.[16] The Court, however, finds Plaintiff's request, as stated, to be premature.

Once Plaintiff files a request for authority to conduct a sale under § 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004 in the Bankruptcy Case, assuming such request is approved, the Court will enter an order in the Bankruptcy Case. The judgment to be entered in this adversary proceeding will require Defendant to cooperate to effectuate the § 363 sale,

---

[15] Plaintiff improperly makes this request in his Brief rather than in his Motion, which merely states that the Court "can further permit the Trustee to execute the deed of conveyance related to said sale for the entire property interest (both the bankruptcy estate's interest and the defendant's interest)." [Doc. 54 at ¶ 12.]

[16] *See* Doc. 49 at p. 2 n.3 (warning Defendant that she is danger of the Court finding her to be a vexatious litigant).

including but not limited to executing any necessary documents within five days of the entry of an order under Federal Rule of Bankruptcy Procedure 6004.  If Defendant fails to comply timely with such directive, the Court will entertain an emergency motion by Plaintiff under Rule 70 to appoint Plaintiff to execute the documents necessary to consummate the sale or to otherwise enforce the judgment in this case.[17]

## V. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has met his burden of proving that there is no genuine dispute of material fact so that he is entitled to judgment as a matter of law to vest Plaintiff with the right to sell the Property free and clear of Defendant's interest pursuant to 11 U.S.C. § 363(h).  A judgment consistent with this Memorandum Opinion will be entered.

FILED:  February 5, 2021

BY THE COURT

*s/ Suzanne H. Bauknight*

SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE

---

[17] For example, Rule 70(d) authorizes the clerk to issue a writ of execution or assistance, which would operate to enforce the judgment with assistance, if necessary, from the United States Marshals Service. Fed. R. Civ. P. 70(d).